NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE RAMOS IBARRA; et al., | No. 15-72967 |
| Petitioners, | Agency Nos. A206-271-790 |
| v. | A206-271-791 |
| | A206-271-792 |
| | A206-271-793 |
| PAMELA BONDI, Attorney General, | A206-271-794 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Guadalupe Ramos Ibarra, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the

immigration judge's ("IJ") order denying Ramos Ibarra's application for asylum

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and withholding of removal.[1]  Ramos Ibarra's four minor children are derivative beneficiaries of her asylum application.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We deny the petition.

1.      The record does not compel the conclusion that the Mexican government was or would be unable or unwilling to control the people Ramos Ibarra fears.  The police investigated the scene after Ramos Ibarra's husband was killed.  *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (A "government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups.").  Although it is unclear whether they conducted a subsequent investigation, Ramos Ibarra did not know because she never asked about—let alone provided information to permit—further investigation.  *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013).  And Ramos Ibarra did not report the threats she received to the police.  Because Ramos Ibarra "failed to provide the police with sufficiently specific information to permit an investigation or an arrest," the evidence does not compel the conclusion that the Mexican government was or would be unable or unwilling to control the people who threatened her.  *See id.*

---

[1] Because Ramos Ibarra's opening brief does not raise arguments challenging the denial of her application for protection under the Convention Against Torture, she has forfeited this claim.  *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

Ramos Ibarra contends that she did not report the threats to the government because doing so would be futile or subject her to further abuse. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Although the country conditions evidence showed governmental and police corruption in Mexico generally, the police here specifically investigated the murder of Ramos Ibarra's husband. Given that fact, the record does not compel the finding that reporting the threats would have been futile or subjected Ramos Ibarra to further abuse. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

2. The agency's finding regarding the Mexican government's willingness and ability to control the people Ramos Ibarra fears was a sufficient basis to deny her application for asylum and withholding. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020). We therefore do not address Ramos Ibarra's other contentions.

**PETITION DENIED.**